IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3695-N-BN |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR QUEST TRUST 2005-X1 and | § | |
| AH4R-TX, LLC, A DELAWARE | § | |
| LIMITED LIABILITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Pending before the Court is Defendant AH4R-TX, LLC's ("AH4R") Motion to Dismiss [Dkt. No. 17] pursuant to Federal Rule of Civil Procedure 12(b)(6); Defendant Deutsche Bank National Trust Company's ("Deutsche") Motion for Judgment on the Pleadings [Dkt. No. 11] under Federal Rule of Civil Procedure 12(c); and Plaintiff Cheryl Jackson's Motion to Amend in Lieu of Dismissal [Dkt. No. 21]. For the reasons explained below, AH4R's Motion to Dismiss and Deutsche's Motion for Judgment on the Pleadings should each be granted, and Plaintiff's Motion to Amend in Lieu of Dismissal should be granted in part.

**Background**

Plaintiff entered into a mortgage note (the "Note") for $185,250. *See* Dkt. No. 21-1 at 2. The Note was secured by real property located at 210 Trees Drive, Cedar Hill in Dallas County, Texas (the "Property"). *See* Dkt No. 1-3 p. 2. The Property was foreclosed on by Deutsche and sold to AH4R. *See* Dkt No. 21-1 at 2-3. Plaintiff, initially proceeding *pro se*, filed a lawsuit opposing the Property's sale and foreclosure in the 193rd District Court of Dallas County, alleging claims for (1) violation of the Truth in Lending Act ("TILA"); (2) violation of the Texas Property Code; (3) violation of the Texas Uniform Electronic Transactions Act; (4) violation of the Electronic Signatures in Global and National Commerce Act; (5) breach of contract; and (6) declaratory judgment of rights, obligations, and interests of the parties with regard to the Property. *See* Dkt. No. 1 at 2; Dkt. No. 1-3 at 3.

AH4R and Deutsche timely removed the case to federal court on the basis of diversity jurisdiction and federal question. *See* Dkt. No. 1. Deutsche then filed its Motion for Judgment on the Pleadings, *see* Dkt. No. 11, and AH4R filed its Motion to Dismiss, *see* Dkt. No. 17.

Plaintiff, now represented by retained counsel, filed a response, seeking leave to amend her complaint. *See* Dkt. No. 21. The proposed amended complaint adds Homeward Residential, Inc. ("Homeward") as a party. *See* Dkt. No. 21 at 2-3. Plaintiff proposes to add claims for wrongful foreclosure against Deutsche and Homeward, for quiet title against AH4R, and for negligent misrepresentation against Homeward. *See* Dkt. No. 21-1 at 5-6.

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) Standard

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

The Court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Federal Rule of Civil Procedure 12(c) Standard

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Federal Rule of Civil Procedure 15(a)(2) Standard

"Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011). Where, as here, a party is not subject to an

expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, the Court must apply the same standard as applies under Rule 12(b)(6). *See id.*

## Analysis

<u>Breach of Contract</u>

Plaintiff asserts claims based on breach of contract. The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff asserts that "the security instrument incorporates all federal laws and laws of local jurisdiction" and that, therefore, "[a]ny failure of the lender, or assignee of the Deed of Trust, to follow applicable federal law, constitutes a breach of the Deed of Trust." Dkt. No. 1-3 at 5.

AH4R urges that Plaintiff's breach of contract claim should be dismissed because AH4R is not a party to the contract. *See* Dkt. No. 18 at 4. The Deed of Trust is a contract between Plaintiff and the lender, Deutsche. *See id.* AH4R alleges that it has no contractual relationship with Plaintiff and therefore "cannot be in breach of a non-existent contract." *Id.*

Plaintiff's breach of contract claim fails as against AH4R because no valid contract exists between the two parties. A valid contract is an essential element to a breach of contract claim. *See Smith*, 490 F.3d at 387. Therefore, without a valid contract, Plaintiff cannot bring a claim for which relief can be granted. *See id.* Plaintiff fails to allege an applicable contract with AH4R.

Deutsche asserts that it is entitled to judgment on the pleadings as to Plaintiff's

breach of contract claim is warranted because Plaintiff (1) failed to perform her obligations under the contract and (2) fails to identify any breach of the written loan agreement. *See* Dkt. No. 12 at 6-7. Plaintiff does not claim that she performed her obligations under the loan. *See id.* at 6. Accordingly, Plaintiff has failed to allege facts to establish an essential element of a breach of contract claim. *See Smith*, 490 F.3d at 387 ("performance or tendered performance by plaintiff" is an essential element of a claim for breach); *Collier v. CitiMortgage, Inc.*, No. 3:14-cv-906-M-BN, 2014 WL 4181449, at *5 (N.D. Tex. Aug. 22, 2014) (plaintiff failed to state a claim on which relief can be granted because he "failed to perform by defaulting on his loan and making no payments to reinstate the loan"). Further, Plaintiff failed to identify any breach of the written loan agreement. As Deutsche highlights, Plaintiff fails to "identify any provision of the contract that [Deutsche] allegedly violated." Dkt. No. 12 at 7. Plaintiff has failed to plead enough facts to state a facially plausible breach of contract claim against Deutsche.

The undersigned notes that Plaintiff's proposed amended complaint does not even include a claim for breach of contract. *See* Dkt. No. 21-1. The undersigned concludes that Plaintiff has pleaded her best case for a breach of contract claim, which should, for the reasons explained above, be dismissed with prejudice as against AH4R and Deutsche. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend a second time is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"); *Jacquez v. Porcunier*, 801 F.2d 789, 791

(5th Cir. 1986) (leave to allow a pro se plaintiff to amend is not required where "event he most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case").

<u>Violations of State and Federal Statutes</u>

Plaintiff alleges that AH4R and Deutsche violated the TILA, the Texas Property Code, the Texas Uniform Electronic Transactions Act, and the Electronic Signatures in Global and National Commerce Act by failing to record transfers of the Note and Deed of Trust. *See* Dkt. No. 1 at 2. She claims that these "violations of federal law and/or laws of the local jurisdiction constitute material breach(es) of contract." Dkt. No. 1-3 at 5.

AH4R contends that the Court should dismiss these claims because, as the purchaser of the Property, AH4R could not have violated the Consumer Credit Protection Act, the Texas Property Code, the Texas Uniform Electronic Transactions Act, or the Electronic Signatures in Global and National Commerce Act. *See* Dkt. No. 18 at 5.

Deutsche, for its part, asserts that the Court should enter judgment on the pleadings in its favor on these claims because (1) the statutes do not require Deutsche to record the transfers of the loan for it to be enforceable against Plaintiff and (2) Plaintiff's TILA claim is barred by the statute of limitations. Deutsche correctly alleges that "nothing in these statutes ... require[s] [Deutsche] to record the transfers of the loan for it to be enforceable against Plaintiff." Dkt. No. 12 at 3. *See generally* 15 U.S.C.

§ 1601 *et. seq.*; TEX. PROP. CODE § 1.001 *et. seq.*; TEX. BUS. & COMM. CODE §§ 322.001-.021; 15 U.S.C. § 7001 *et. seq.* Additionally, under Texas law, failure to record does not affect a defendant's ability to foreclose. *See Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 857-59 (N.D. Tex. 2013) ("The fact that no assignment was recorded in this case, then, has no effect on the validity of the assignments themselves as to the parties to the assignment"); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) (explaining that "recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments").

Deutsche also correctly asserts that Plaintiff's TILA claim is barred by the statute of limitations. TILA establishes a one-year statute of limitations for an alleged failure to meet disclosure requirements that begins to run at the closing or upon execution of the loan agreement. *See* 15 U.S.C. § 1640(e) (mandating that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) ("The violation occurs when the transaction is consumated." (citation and internal qutotation marks omitted)); *Renfrow v. CTX Mortgage Co., LLC*, No. 3:11-cv-3132-L, 2012 WL 3582752, at *3 (N.D. Tex. Aug. 20, 2012). In addition, "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor*, 784 F.2d at 633. Deutsche was assigned the Note on October 12, 2006. *See* Dkt. No. 12 at 6. Plaintiff did not file suit until September 5, 2014, several years after the one-year statute of limitations expired. Accordingly, Plaintiff's TILA claim is time-barred.

The undersigned notes that again Plaintiff's proposed amended complaint does not even include these statutory claims, *see* Dkt. No. 21-1, and her motion for leave to file an amended complaint explains that "Plaintiff filed her original petition as a *pro se* litigant" and that, "[n]ow, with the assistance of counsel, Plaintiff would revise her complaint to assert more appropriate causes of action," Dkt. No. 21 at 3. For these reasons, the Court should dismiss Plaintiff's claims for violations of state and federal statutes with prejudice.

Declaratory Judgment

Plaintiff seeks a declaration "of the rights, obligations and interests of the parties" regarding the Property. Dkt. No. 1-3 at 5. Declaratory judgment is a form of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment). Because the undersigned has determined that none of Plaintiff's claims as pleaded in her original complaint can withstand dismissal at this time, Plaintiff's request for declaratory relief cannot survive. Plaintiff seeks a declaratory judgment based solely on her breach of contract claim. *See* Dkt. No. 1-3 at 5. As this claim is devoid of any merit, *see supra* pp. 7-11, Plaintiff's claim for a declaratory judgment should be dismissed without prejudice.

Motion for Leave to Amend

Plaintiff, now represented by counsel, seeks leave to amend her complaint to allege claims for wrongful foreclosure, quiet title, and negligent misrepresentation. *See* Dkt. No. 21 at 3. The proposed amended complaint adds Homeward Residential, Inc.

("Homeward") as a party and "clarifies the grounds for naming AH4R as a party." *See* Dkt. No. 21 at 2-3. Plaintiff seeks leave to amend her complaint to properly raise these claims. *See id.* Plaintiff sought leave to amend soon after counsel filed her notice of appearance. *See* Dkt. No. 13; Dkt. No. 21.

Rule 15(a)'s liberal amendment policy compels granting leave to amend absent some justification for refusal, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003); *Stripling*, 234 F.3d at 873; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility is analyzed using the same standard as applied under Rule 12(b)(6). *Stripling*, 234 F.3d at 873.

AH4R alone opposes Plaintiff's Motion for Leave to File an Amended Complaint – Deutsche has not filed a response. *See* Dkt. No. 25 at 2. AH4R alleges that Plaintiff's quiet title claim is futile because it will not survive a motion to dismiss. *See id.* Plaintiff challenges AH4R's title by claiming that it was acquired from an invalid foreclosure sale. *See* Dkt. No. 21-1 at 6. AH4R responds that this claim would be subject to dismissal because (1) Plaintiff fails to establish the strength of her title, instead relying on the weakness of AH4R's title; (2) Plaintiff's claim is barred by the statute of frauds; and (3) Plaintiff seeks equitable remedy with unclean hands. *See* Dkt. No. 25 at 3-4.

In Texas, the elements of the cause of action to quiet title are: "(1) an interest

in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-cv-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 1-10-00837-cv, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.)). A plaintiff has the burden ultimately of establishing his "superior equity and right to relief," *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied), and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *See Rivera v. CitiMortgage, Inc.*, No. 3:12-cv-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013); *see also* Dkt. No. 25 at 2-3. In other words, Plaintiff must prove her "right, title, or ownership in [herself] with sufficient certainty to enable the court to see that [she] has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 531.

Plaintiff's proposed amended complaint does not allege facts that, if proved, would establish her superior title, nor does she allege that she is current on her mortgage payments. Instead, she challenges AH4R's title by arguing that the "foreclosure sale was wrongful and ultimately invalid." Dkt. No. 21 at 6. Therefore, Plaintiff's quiet title claim fails as a matter of law. *See Summers v. PennyMac Corp.*, No. 3:12-cv-1246-L, 2012 WL 5944943, at *5 (N.D. Tex. Nov. 28, 2012).

AH4R further alleges that Plaintiff's claim is barred by the statute of frauds. As AH4R points out, Plaintiff's claim is based on statements made during loan modification review. *See* Dkt. No. 21-1 at 1-4, 6. Specifically, AH4R, citing Texas

Business and Commerce Code § 26.02, argues that "a loan agreement in excess of $50,000 is required to be in writing, and any agreement to delay repayment of a loan or accommodation of the loan must be in writing." Dkt. No. 25 at 3. Plaintiff's proposed amended complaint admits that the loan amount was $185,250. *See* Dkt. No. 21-1 at 2. AH4R further contends that "Plaintiff's conclusory allegation that the foreclosure was wrongful is without merit or facts to support" a quiet-title claim; that "Plaintiff claims she was told the house would not be foreclosed while under a loan modification review and because of this oral statement, the foreclosure was wrongful and the title should be quieted in her name"; and that "the oral statement by the mortgagee, if proven to be true, would be unenforceable because it violates the statute of frauds," where "Plaintiff does not allege that such a writing exists to satisfy the statute of frauds." Dkt. No. 25 at 3, 4. Where, as here, Plaintiff does not allege that a promise was made to sign a prepared document comporting with Texas's statute of frauds, she cannot prove, as she must, that AH4R's claim as to the title to the Property is invalid or unenforceable, and this is fatal to Plaintiff's claim and a proper basis for dismissal under Rule 12(b)(6). *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *McWright v. Bank of Am., N.A.*, No. 3:13-cv-1345-N, 2013 WL 6735013, at *5 (N.D. Tex. Dec. 23, 2013); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 863, 866 (N.D. Tex. 2013); *Garrett v. PNC Mortg. Co.*, No. 3:11-v-2286-O-BF, 2012 WL 1835864, at *3 (N.D. Tex. Apr. 16, 2012), *rec. adopted*, 2012 WL 1853573 (N.D. Tex. May 21, 2012).

Finally, AH4R alleges that Plaintiff makes her claim with unclean hands. *See*

Dkt. No. 25 at 4. AH4R contends that quiet title is an equitable remedy requiring "a party to have clean hands and ... to do equity to get equity." Dkt. No. 25 at 4. AH4R claims that Plaintiff "must tender the funds owed on the mortgage debt." *Id.* But, although a vital element for recovery of title, AH4R does not present any authority that such tender is a necessary condition for an action to quiet title under Texas law. *See Wells v. Bank of Am., N.A.*, No. 3:13-cv-3658-M, 2014 WL 4594516, at *7 (N.D. Tex. Sept. 12, 2014); *Warren v. Bank of America, N.A.*, No. 3:11-cv-3603-M-BH, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012), *rec. adopted*, 2013 WL 1131252 (N.D. Tex. Mar 19, 2013), *aff'd*, 566 F. App'x 379 (5th Cir. 2014); *Giles v. Bank of America, N.A.*, No. SA-11-cv-1035 OG (NN), 2012 WL 1038581, at *4 (W.D. Tex. Mar. 27, 2012). Therefore AH4R cannot defeat Plaintiff's claim with this theory.

As outlined above, AH4R has established that Plaintiff's quiet title claim is futile. Plaintiff does not allege facts establishing her superior title, and Plaintiff's quiet title claim is barred under the statute of frauds.

But there is no basis presented here to refuse Plaintiff's request regarding her other amendments against Deutsche and Homestead. In fact, Deutsche has not filed a response to Plaintiff's motion for leave to amend.

Accordingly, Plaintiff's Motion to Amend in Lieu of Dismissal [Dkt. No. 21] should be granted other than as to her proposed amendment to add a claim for quiet title, for which leave to amend should be denied.

**Recommendation**

The Court should grant AH4R's Motion to Dismiss [Dkt. No. 17] and Deutsche's

Motion for Judgment on the Pleadings [Dkt. No. 11] and dismiss with prejudice Plaintiff's claims for violation of the Truth in Lending Act, violation of the Texas Property Code, violation of the Texas Uniform Electronic Transactions Act, violation of the Electronic Signatures in Global and National Commerce Act, and breach of contract and dismiss without prejudice Plaintiff's claim for declaratory judgment. The Court should also grant Plaintiff's Motion to Amend in Lieu of Dismissal [Dkt. No. 21] as to all proposed amendments except the proposed amendment to add a claim to quiet title against AH4R, for which leave to amend should be denied as futile. The Court should grant Plaintiff 21 days from the date of any order adapting these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE