IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3695-N-BN |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR QUEST | § | |
| TRUST 2005-X1, and HOMEWARD | § | |
| RESIDENTIAL, INC. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. Pending before the Court is Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Homeward Residential, Inc.'s ("Homeward") Motion to Dismiss [Dkt. 37] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Deutsche Bank and Homeward's Motion to Dismiss should be granted.

**Background**

Plaintiff entered into a mortgage note (the "Note") for $185,250. *See* Dkt. No. 21-1 at 2. The Note was secured by real property located in Cedar Hill in Dallas County, Texas (the "Property"). *See* Dkt. No. 1-3 at 2. In 2012, Plaintiff's Note was accelerated, and the Property was posted for sale on April 3, 2012. *See* Dkt. No. 34 at

2.

Plaintiff initially filed a lawsuit on September 5, 2014 opposing the Property's sale and foreclosure in the 193rd District Court of Dallas County, and AH4R and Deutsche Bank timely removed the case to federal court on the basis of diversity jurisdiction and federal question. *See* Dkt. No 1. This Court granted AH4R's Motion to Dismiss and Deutsche Bank's Motion for Judgment on the Pleadings. *See* Dkt. No 27 at 1; Dkt. No. 31. But the Court granted Plaintiff's Motion for Leave to File Amended Complaint adding Homeward Residential, Inc. ("Homeward") as a party as well as adding a wrongful foreclosure claim against Deutsche Bank and Homeward and a negligent misrepresentation claim against Homeward. *See* Dkt. No. 27 at 2, 16; Dkt. No. 31.

Plaintiff alleges that Homeward agreed to postpone the foreclosure sale while Plaintiff applied for mortgage assistance. *See* Dkt. No. 34 at 2. On June 29, 2012 Plaintiff received notification from Homeward that the Property was scheduled to be sold on July 3, 2012. *See id.* at 3. Plaintiff was told by Kendra Evans, her relationship manager at Homeward, that the notice of foreclosure was a mistake and that Plaintiff should disregard the notice of the sale because the Property would not be sold while Plaintiff's application for mortgage assistance was pending. *See id.* The Property was sold on July 3, 2012 to AH4R while Plaintiff's mortgage assistance application was still pending. *See id.*

Plaintiff alleges that, because she did not know the Property would be sold on July 3, 2012, she "did not seek bankruptcy protection, file a lawsuit and seek a

temporary restraining order, or even follow up with Homeward to again request and confirm that the Property would not be sold on July 3, 2012," and that she could "not alert other potential bidders to the sale or even show up to the sale herself." *See id.*

Plaintiff filed her first amended complaint on June, 16, 2015, alleging wrongful foreclosure against Deutsche Bank and Homeward and negligent misrepresentation against Homeward. *See id.* at 4-5.

Defendants Deutsche Bank and Homeward have filed a Motion to Dismiss pursuant to Rule 12(b)(6). *See* Dkt. No. 37 at 1. Defendants argue that all of Plaintiff's claims are barred by the statute of frauds and the statute of limitations and that Plaintiff fails to state a claim upon which relief can be granted for the both the negligent misrepresentation and wrongful foreclosure claims. *See* Dkt. No. 38 at 2-5.

The undersigned concludes that Defendants' Motion to Dismiss should be granted for the reasons explained below.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

Wrongful Foreclosure

Plaintiff's wrongful foreclosure claim against Deutsche Bank and Homeward should be dismissed with prejudice.

Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)). Plaintiff alleges that "the representation by the mortgage servicer, Homeward, that the July 3, 2012, foreclosure sale would not take place, was a defect in the foreclosure sale proceedings"; that "Homeward's representation that the foreclosure sale would not take place chilled the bidding at the foreclosure sale and prevented the Plaintiff from seeking other legal means to prevent the foreclosure sale from taking place"; and that, "[a]s a result of the identified defect, the Property was sold at a grossly inadequate price." Dkt. No. 34 at 5.

Defendants assert that Plaintiff's wrongful foreclosure claim is barred by the statute of frauds because the alleged representations made by Homeward's representative, Kendra Evens, are not in writing. *See* Dkt. No. 38 at 2-3. Under Texas law, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM.

CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* at §26.02(a)(2).

In support of their argument, Defendants cite *Horne v. Bank of America*, No. 4:12-cv-622-A, 2013 WL 765312 (N.D. Tex. Feb. 28, 2013). In *Horne*, the plaintiffs were told by their mortgagee that their foreclosure had been stopped because they applied for a loan modification. *See id.* at *1. The plaintiffs were later told that their application was being reviewed. *Id.* And the plaintiffs were notified that, "due to the recent change in the status of the program, they would no longer be assigned to a particular contact person." *Id.* But, in a different letter on the same day, the plaintiffs were notified that their property was sold in a foreclosure sale on June 5, 2012. *See id.* The court held that the plaintiffs' claim was barred because the plaintiffs did not allege that the defendants provided a written confirmation that they would not foreclose on the plaintiffs' property and thus the alleged oral agreement that the foreclosure would not take place was incompatible with the statute of frauds. *See id.* at *3.

In response to Defendants' statute of frauds defense, Plaintiff asserts that she is not alleging that the foreclosure was improper because her loan was in the process of modification. *See* Dkt. No. 41 at 5. Instead, Plaintiff alleges that the representations made by Homeward to "disregard the [mistaken] notice of sale" did not alert Plaintiff that the Property was scheduled to be sold on July, 3, 2012 and thus constituted wrongful foreclosure. *See* Dkt. No. 34 at 3. Nevertheless, Plaintiff explicitly states in

her First Amended Pleading that "Kendra Evans told [her] that the sending of the notice was a mistake, and for her to disregard the notice of sale, as her Property would not be sold while her mortgage assistance application was pending."

As in *Horne*, "Defendants' alleged verbal statement that the foreclosure would not take place does not comply with the statute of frauds and is not an enforceable agreement." 2013 WL 765312, at *3. Because Plaintiff's wrongful foreclosure claim does not allege that Defendants provided a written confirmation that they would not foreclose on Plaintiff's Property, the claim is barred by the statute of frauds. *See id.*; *accord Montalvo v. Bank of Am. Corp.*, Civ. A. No. SA-10-CV-360-XR, 2013 WL 870088, at *8-*10 (W.D. Tex. Mar. 7, 2013).

Defendants also assert that Plaintiff's wrongful foreclosure claim is barred by the statute of limitations. *See* Dkt. No. 38 at 4. And, while Plaintiff contends that a statute of limitations defense should be asserted in Defendants' answer, instead of a motion to dismiss, "a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense appear on the face of the complaint." *Jeanbaptiste v. Wells Fargo Bank*, No. 3:14-cv-264-K, 2014 WL 2158415, *8 (N.D. Tex. May 22, 2014) (internal quotations omitted); *see* Dkt. No. 41 at 6.

Defendants assert that Plaintiff's wrongful foreclosure claim is time barred because the limitations period is two years. Dkt. No. 38 at 4. In support of their argument, Defendants cite *Gonzales v. Lockwood Lumber Co.*, 668 S.W.2d 813 (Tex. App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.). In *Gonzales*, the court recognized that "the 2-year statute applies to actions founded in tort while the 4-year statute

applies to actions founded in contract." *Id.* at 815. And "an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law." *Id.* The *Gonzales* court held that the appellants' claim in that case was the alleged wrongful foreclosure of a deed of trust and that the suit was "obviously grounded on a written contract and the 4-year statute of limitations should have been applied." *Id.*

Defendants assert that "the only 'defect' in the foreclosure proceedings as alleged by Plaintiff ... is the representation that the July 3, 2012 foreclosure sale would not take place" and that, as a result, "Plaintiff's wrongful foreclosure claim arises entirely out of alleged tortuous conduct." Dkt. No. 38 at 4. It is far from clear that an alleged misrepresentation can, as a matter of law, constitute a defect in the foreclosure sale proceedings for purposes of a wrongful foreclosure claim under Texas law. *See, e.g.*, *Mandala v. Wells Fargo Bank, N.A.*, Civ. A. No. 4:12-2335, 2013 WL 1828022, at *4 (S.D. Tex. Apr. 30, 2013) (collecting cases). But that is the basis of Plaintiff's claim, which is therefore, by its terms, an action founded in tort. While Plaintiff is alleging wrongful foreclosure of the Property, which was secured by a deed of trust, the allegedly actionable defect sounds in tort based on an alleged breach of duty imposed by law, not by the contract itself. And "[t]he limitations period begins to run from the date of foreclosure." *Jeanbaptiste,* 2014 WL 2158415, at *8. Under *Gonzales*, therefore, Plaintiff's claim is governed and – where the date of Plaintiff's foreclosure was July 3, 2012 – barred by a two-year statute of limitations. *Compare Jeanbaptiste,* 2014 WL 2158415, at *8; *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex. App. – Dallas 2004, pet.

denied). *But see Pineda v. Countrywide Home Loans, Inc.*, Civ. A. H-12-356, 2012 WL 2050358, at *2 (S.D. Tex. June 6, 2012).

Finally, the only element in dispute is whether or not Plaintiff adequately plead a grossly inadequate selling price. *See* Dkt. No. 38 at 5. Nevertheless, a plaintiff does not "need to prove a *grossly inadequate selling price* in a situation where the bidding at a non-judicial foreclosure sale was deliberately 'chilled' by the affirmative acts of a mortgagee and the injured mortgagor seeks a recovery of damages rather than a setting aside of the sale itself." *Charter Nat. Bank – Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App. – Houston [14th Dist.] 1989, writ denied). While Defendants recognize this exception, Defendants assert that "Plaintiff does not allege that Defendants interfered with the bidding process of the foreclosure sale." Dkt. No. 38 at 9. But Plaintiff does allege in a non-conclusory manner that the foreclosure sale was deliberately chilled,

> [b]ecause Plaintiff did not know that her property was still set to be sold on July 3, 2012, Plaintiff did not seek bankruptcy protection, file a lawsuit and seek a temporary restraining order, or even follow up with Homeward to again request and confirm that the Property would not be sold on July 3, 2012. Further, because Plaintiff had been informed that the sale would not take place, Plaintiff could also not alert other potential bidders to the sale or even show up to the sale herself.

Dkt. No. 34 at 3.

Defendants correctly assert that Plaintiff has failed to plead the existence of damages. *See* Dkt. No. 38 at 7. But Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." Accordingly,

if the Court were to determine, contrary to the undersigned's conclusions and recommendation, that Plaintiff's claim is not barred by the statute of frauds or by the statute of limitations, Plaintiff's motion for leave to file a second amended complaint should be granted in order to allow Plaintiff to more specifically plead damages based on the alleged chilled bidding.

<u>Negligent Misrepresentation</u>

Plaintiff's negligent misrepresentation claim against Homeward should be dismissed with prejudice.

"'The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.'" *LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 458 n.11 (5th Cir. 2011) (quoting *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). And "a negligent misrepresentation claim must allege misstatement of an 'existing fact.'" *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007). Finally, "'[a] promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact.'" *Page v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 272, 278 (quoting *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App. – Tyler 2005, pet. denied)).

Plaintiff alleges that "Homeward's representative told the Plaintiff that (1) the notice of sale for the July 3, 2012, foreclosure sale was sent in error, and (2) her Property would not be sold on July 3, 2012, because she had a pending mortgage assistance application"; that "[t]his information was explicitly provided for the guidance of Plaintiff"; that "[t]he Homeward representative did not exercise reasonable care or competence in obtaining or communicating this information"; that "Plaintiff justifiably relied on these representations," which "caused Plaintiff damage as she forbore from taking further legal action to prevent the loss of her Property including declaring bankruptcy or obtaining a temporary restraining order"; and that "the representations served to chill the bidding at the foreclosure sale, thus resulting in a lower sales price on the Property." Dkt. No. 34 at 6.

Homeward asserts that Plaintiff's negligent misrepresentation claim is not actionable because it concerns future conduct and not an existing fact. *See* Dkt. No. 38 at 4-5. In support of this allegation, Homeward cites *Milton v. U.S. Bank National Association*, 508 F. App'x 326 (5th Cir. 2013). In *Milton*, the plaintiff alleged that the defendant orally promised that his home would not be foreclosed upon while his loan modification application was pending. *See id.* at 328. But a few weeks later the plaintiff received a foreclosure notice stating that the sale was scheduled. *See id.* The plaintiff alleged that, upon receiving the foreclosure notification, he then spoke with defendant's representative and was orally assured that the foreclosure sale would not occur while his modification application was pending. *See id.* But, thereafter, the plaintiff's property was sold at a foreclosure sale, and the plaintiff was notified of the sale three

days later. *See id.* The Court of Appeals held that Plaintiff's negligent misrepresentation claim failed because, under Texas law, the misrepresentation must be one of existing fact, and not a promise of future action. *See id.* at 329.

As in *Milton*, Plaintiff alleges that, after receiving the foreclosure notification in the mail, a Homeward representative assured her "that the sending of the [foreclosure] notice was a mistake, and for her to disregard the notice of sale, as her Property would not be sold while her mortgage assistance application was pending." Dkt. No. 34 at 3; *see also id.* at 6. Because the alleged misrepresentation is not one of existing fact, and is instead is a future promise, Plaintiff has failed to state a negligent misrepresentation claim on which relief can be granted.

Additionally, Homeward asserts that Plaintiff's negligent misrepresentation claim is barred by the statute of frauds. *See* Dkt. No. 38 at 3. In support of its argument, Homeward cites to *Barcenas v. Federal Home Loan Mortgage Corp.*, Civ. A. No. H-12-2466, 2013 WL 286250 (S.D. Tex. Jan. 24, 2013). In *Barcenas*, the court held that "[a]n alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing." *Id.* at *5. Also, in *Milton*, the Fifth Circuit reiterated that "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." 508 F. App'x at 328-29. Plaintiff asserts that she is not alleging that Homeward promised not to foreclose, but her first amended complaint states that "Kendra Evans told Plaintiff that the sending of the notice was a mistake, and her for

to disregard the notice of sale, *as her property would not be sold while her mortgage assistance application was pending.*" Dkt. 34 at 3 (emphasis added). Even though Plaintiff responds that she "is not arguing that there was any modification to the underlying documents of her loan ... [and] is not making a claim based on a promise to delay foreclosure," the essence of Plaintiff's allegation is that Homeward orally promised not to foreclose but nevertheless did foreclose. Dkt. 41 at 3-4. Because the alleged promise not to foreclose was not memorialized in writing, Plaintiff's negligent misrepresentation claim is also barred by the statute of frauds.

Homeward finally asserts that Plaintiff's negligent misrepresentation claim is barred by the statute of limitations because the limitations period for this claim is two years. *See Howard v. WMC Mortgage Corp.*, No. 4:13CV3, 2014 WL 47765, at *12 (E.D. Tex. Jan. 6, 2014); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Homeward contends that the statute of limitations began to run on July 3, 2012, the date of Plaintiff's foreclosure, and that, because Plaintiff did not initiate this action until September 5, 2015, the negligent misrepresentation claim is barred by the statute of limitations. *See* Dkt. No. 38 at 3. In reply, after Plaintiff responded by raising the discovery rule, Homeward asserts that, even if the discovery rule delayed the statute of limitations, Plaintiff's foreclosure was discoverable on August 31, 2012 and thus is still barred by the statute of limitations. *See* Dkt. No. 42 at 4.

First, "it is unclear whether the discovery rule tolls the Texas statute of limitations for negligent misrepresentation claims." *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 570 (5th Cir. 2003). But "[t]he discovery rule only reaches

a claim if the injury is inherently undiscoverable, and the evidence of the injury is objectively verifiable." *Id.*; *see also Velsicol Chemical Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997). And "[a]n injury is inherently undiscoverable if it is of a type not generally discoverable by the exercise of reasonable diligence." *Id.*; *see also HECI*, 982 S.W.2d at 886. Plaintiff alleges "that Homeward's misrepresentations regarding the notice of sale and their representations to her of servicing her loan past the sale date concealed from Plaintiff the fact that there had been a foreclosure at all." Dkt. No. 41 at 6. If the Court were to determine, contrary to the undersigned's conclusions and recommendations, Plaintiff's negligent misrepresentation claim is a misrepresentation of existing fact and is not barred by the statute of frauds, Plaintiff's motion for leave to file second amended complaint should be granted in order to allow Plaintiff to more specifically plead facts invoking and supporting application of the discovery rule.

**Recommendation**

Defendants' Motion to Dismiss [Dkt. 37] should be granted, and Plaintiff's wrongful foreclosure claim against Deutsche Bank and Homeward and negligent misrepresentation claim against Homeward should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE